UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES HEATH, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ONE OF KIND TRANSPORT INC and LEONID POGORILER, jointly and severally,<br><br>Defendants. | ECF CASE<br><br>No.: _____<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff Charles Heath hereby alleges, through his attorneys Lipsky Lowe LLP, as against Defendants One of Kind Transport Inc and Leonid Pogoriler, as follows:

NATURE OF THE ACTION

1. Plaintiff Charles Heath worked for Defendants One of Kind Transport Inc ("Transport Inc") and Leonid Pogoriler ("Pogoriler") as a driver from in or about 2011 through the present.

2. Plaintiff alleges, on his behalf and other similarly situated current and former employees of Defendants, under Fed. R. Civ. P. 23 (a) and (b), that Defendants willfully violated the New York Labor Law by (i) failing to pay the minimum wage, (ii) failing to pay overtime premium pay, (iii) making unlawful deductions and failing to reimburse work-related expenses; (iv) failing to timely pay wages; (v) failing to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1; and (vi) failing to provide an accurate wage statement under N.Y. Lab. Law § 195.3 with every wage payment.

3. Plaintiff alleges on his behalf and other similarly situated current and

former employees of Defendants and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that Defendants willfully violated the FLSA by failing to pay overtime premium pay.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's FLSA claims under 29 U.S.C. § 216(b).

5.  Venue is proper in this District under 28 U.S.C. §§1391(b)(1) and (2).

6.  This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7.  Plaintiff was and is, at all relevant times, an adult individual residing in Queens, New York.

8.  Defendants jointly employed Plaintiff and other individuals at all times relevant.

9.  Each Defendant had substantial control over Plaintiff's and other individuals' working conditions, and over the unlawful policies and practices alleged herein.

10. During all relevant times, Defendants have applied the same employment policies, practices, and procedures to all drivers.

11. During all relevant times, Defendants have been Plaintiff's employer within the meaning of the FLSA and NYLL.

One of Kind Transport Inc[1]

12.     One of Kind Transport Inc is a domestic business corporation organized and existing under the laws of New York and maintains a principal place of business at 99 Harris Drive, Oceanside, New York 11572.

13.     Plaintiff received checks that listed "One of Kind Trans" as the company name.

14.     At all relevant times, One of Kind Transport Inc has maintained control, oversight, and direction over the Plaintiff and similarly situated employees, including hiring, firing, disciplining, timekeeping, scheduling, payroll, and other employment practices.

15.     One of Kind Transport Inc applies the same employment policies, practices, and procedures to all drivers, including policies, practices, and procedures with respect to payment of wages.

16.     One of Kind Transport Inc is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. One of Kind Transport Inc is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and materials that have been produced for and moved in commerce, which its employees have handled, include, but are not limited to, vehicles.

---

[1] These subject lines are included for organizational purposes only.

Individual Defendant Leonid Pogoriler

17.     Defendant Leonid Pogoriler, upon information and belief, owns, operates and controls Defendant Transport Inc's day-to-day operations and management and jointly employed Plaintiff and other similarly situated employees at all relevant times.

18.     Defendant Pogoriler, either directly or indirectly, has hired and fired Plaintiff and other employees, controlled their work schedule and employment conditions, and determined their payment rate and method.

19.     Defendant Pogoriler has the authority to hire and fire employees, change employees' pay and employee's schedules; and he is required by law to keep records regarding his employees' hours worked and compensation.

## STATEMENT OF FACTS

20.     Transport Inc is a transportation service that transports individuals to and from doctor's appointments throughout New York.

Duties Performed and Hours Worked

21.     Defendants have employed Plaintiff as a driver from in or about 2011 through the present.

22.     Plaintiff, as a driver, was responsible for transporting clients to doctor's appointments, waiting for the client to finish their appointment, and driving clients back home, among other miscellaneous duties.

23.     The vehicle that Plaintiff drove weighs less than 10,000 pounds.

24.     Defendants did not allow Plaintiff to provide any services to the general public or to make any unscheduled trips or street pick-ups.

25. Defendants' employees, including Plaintiff, did not provide any services and were not available for hire to the general public without a scheduled pick-up and drop-off.

26. Defendants' employees, including Plaintiff, are unable to be hailed by the general public, and require knowledge of the passengers and destinations before providing services.

27. Defendants' employees, including Plaintiff, drove passengers to fixed terminal destinations according to prearranged schedules.

28. During his employment with Defendants, due to high turnover, upon information and belief, Plaintiff worked with at least between 40 and 50 other drivers. From personally observing and speaking with them, Plaintiff knows that his coworkers performed the same primary duties as him and were compensated in the same manner by Defendants.

29. From in or about December 2015 until in or about June 2021, Plaintiff typically worked five days per week, from approximately 10:00 a.m. until approximately 8:00 p.m. or later. As such, Plaintiff worked approximately 50 hours or more per week during this time.

30. From in or about July 2021 through the present, Plaintiff typically worked two days per week, from approximately 10:30 a.m. until approximately 7:00 p.m. or later. As such, Plaintiff worked approximately 17 hours per week during this time.

31. From in or about December 2015 until in or about June 2021, Plaintiff worked more than 40 hours in any given week.

32. From speaking with his coworkers and personal observations, Plaintiff knows that other drivers were, like him, regularly scheduled to work and did, in fact, work more than 40 hours in a week.

33. When Plaintiff and other individuals worked for Defendants, they were not given any meal break period for any shift.

34. Plaintiff and other drivers regularly did not have uninterrupted meal breaks.

Hourly Rate, Overtime, Deductions

35. Throughout his employment, Defendants paid Plaintiff a daily rate for all hours he worked.

36. Defendants paid Plaintiff a daily rate regardless of the hours he worked in a day and in a week.

37. Throughout his employment, Defendants typically paid Plaintiff $120.00 per day. Defendants would occasionally pay Plaintiff slightly more or slightly less than this daily rate with no reasoning for the rate fluctuation. These rate of pay fluctuations typically ranged from $110.00 to $130.00.

38. Plaintiff and other similarly situated employees paid for the gas that was necessary to drive to their customers, which amounted to approximately $40.00 per day.

39. Defendants did not reimburse Plaintiff and other similarly situated employees for any of the gas that they purchase per day, further reducing their effective hourly rate below the Labor Law's minimum wage.

40. As such, Plaintiff's effective hourly rate was approximately $8.00 per hour from in or about December 2015 until in or about June 2021, and approximately $9.41 from in or about July 2021 through the present.

41. Defendants paid Plaintiff below the minimum wage requirements of the NYLL for the entirety of his employment.

42. The applicable minimum wage under New York and Federal law during the applicable years were as follows:

| Year | FLSA Min. Wage[2] | Labor Law Min. Wage[3] |
|---|---|---|
| 2015 | $7.25 | $8.75 |
| 2016 | $7.25 | $9.00 |
| 2017 | $7.25 | $11.00 |
| 2018 | $7.25 | $13.00 |
| 2019 - 2021 | $7.25 | $15.00 |

43. Although Plaintiff and other similarly situated employees regularly worked more than 40 hours per week, Defendants did not pay them overtime premium pay.

44. Plaintiff's effective hourly rate was below New York's minimum wage during the entirety of his employment.

45. From speaking with them and personal observations, Plaintiff knows that other drivers, like him, were paid below the statutory minimum wage, were not paid overtime premium pay, and were not reimbursed for gas expenses.

Untimely Payment of Wages

46. Plaintiff and other similarly situated employees were required to, and did, spend more than 25% of their time performing physical labor.

---

[2] http://www.dol.gov/whd/minwage/coverage.htm (last visited December 9, 2021).
[3] https://www.labor.ny.gov/workerprotection/laborstandards/workprot/minwage.shtm (last visited December 9, 2021).

47. Defendants paid Plaintiff an hourly rate.

48. Defendants paid Plaintiff every two weeks, not every week.

49. By paying Plaintiff every two weeks, Defendants did not pay him for the first week he worked within each pay period within 7 days.

50. Due to Defendants' pay practices, Plaintiff is owed an amount equal to 100% of the untimely wages, or wages from the first week of each pay period during the relevant time period.

51. From speaking with them and personal observations, Plaintiff knows that other drivers, like him, were not paid for the first week they worked within each pay period within 7 days.

Labor Law Notice and Wage Statement Violations

52. Defendants failed to provide Plaintiff and other similarly situated employees with the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1 when he was hired or at any point during his employment.

53. Likewise, Defendants did not provide Plaintiff and other similarly situated employees with accurate wage statements under N.Y. Lab. Law § 195.3 with any wage payment.

54. Defendants did not post at the restaurant a poster advising Plaintiff and other employees of their right to a minimum wage and overtime premium pay.

## CLASS ACTION ALLEGATIONS

55. Plaintiff assert these allegations and claims on his own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom Defendants employ and have employed who were drivers, and other comparable positions with different titles, at any time

since December 15, 2015 to the entry of judgment in this case, who were non-exempt employees within the meaning of the New York Labor Law (the "Class Members").

56. The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Defendants' sole control, upon information and belief, more than 50 Class Members exist.

57. Plaintiff's claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

58. Defendants have acted or refused to act on grounds generally applicable to the Class Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members.

59. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

60. Plaintiff has the same interest in this matter as all other Class Members and their claims are typical of Class Members'.

61. Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including:

   a. whether Defendants employed Plaintiff and the Class Members, individually or jointly, within the meaning of the Labor Law;

b. whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d. whether Defendants failed or refused to pay the Class Members minimum wages, overtime premium pay for all hours worked in excess of 40 hours per workweek, and spread-of-hours pay;

e. whether Defendants failed or refused to reimburse the Class Members for work-related expenses;

f. whether Defendants failed or refused to timely pay the Class Members' wages;

g. whether Defendants failed to provide the Class Members with wage notices and wages statements under Labor Law §§ 195.1 and 195.3;

h. whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided under the Labor Law in any area where Plaintiff and the Class Members are employed;

i. whether the individual Defendants participated in the day-to-day management of the restaurant and are "joint employers" and liable to Plaintiff and the Class Members;

j. whether Defendants are liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

k. whether Defendants should be enjoined from such violations of the Labor Law in the future.

## COLLECTIVE ACTION ALLEGATIONS

62. Under 29 U.S.C. § 206, Plaintiff seeks to assert these allegations and claims as a collective action:

All persons whom Defendants employ and have employed who were drivers, and other comparable positions with different titles, at any time since December 15, 2018 to the entry of judgment in this case, who were non-exempt employees within the meaning of the FLSA (the "Collective Action Members").

63. Plaintiff and the Collective Action Members are similarly situated on several legal and factual issues, including:

    a.    whether Defendants employed the Collective Action Members within the meaning of the FLSA;

    b.    whether the Collective Action Members performed similar duties;

    c.    whether Defendants willfully or recklessly violated the FLSA;

    d.    whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of 40 hours per workweek, violating the FLSA and the regulations promulgated thereunder; and

    e.    whether the statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

## FIRST CAUSE OF ACTION
### FAILURE TO PAY OVERTIME PREMIUM PAY UNDER THE FLSA
(On Behalf of Plaintiff and the Collective Action Members)

64. Plaintiff repeats and realleges every allegation of the preceding paragraphs as if set forth fully herein.

65. Defendants were required to pay Plaintiff and the Collective Action Members no less than 1.5 times the regular rate at which they were paid for all hours

worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

66. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for their hours worked in excess of 40 hours per workweek.

67. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

68. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff and the Collective Action Members' compensation.

69. Defendants have failed to make, keep and preserve records with respect to their employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

70. In failing to compensate Plaintiff and the Collective Action Members for all compensable hours worked, Defendants violated the FLSA and the regulations thereunder, including 29 C.F.R. §§ 785.13, 785.11.

SECOND CAUSE OF ACTION
FAILURE TO PAY THE MINIMUM WAGE
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Action Members)

71. Plaintiff, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

72. Defendants are "employers" within the meaning of Labor Law §§ 190, 196-d, 651(5), 652 and supporting New York Statement Department of Labor Regulations and employed Plaintiff and the Class Members.

73. The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff and the Class Members.

74. Under the Labor Law and supporting New York Statement Department of Labor Regulations, Defendants were required to pay Plaintiff and the Class Members the statutory minimum wage.

75. Upon information and belief, Defendants failed to post, in a conspicuous place upon their premises a notice issued by the New York State Department of Labor summarizing minimum wage provisions, violating the Labor Law and supporting New York State Department of Labor Regulations. 12 N.Y.C.R.R. § 137-2.3, *et seq.*

76. Upon information and belief, Defendants failed to furnish Plaintiff and the Class Members a statement with every wage payment listing the correct hours worked, rates paid, allowances taken, gross wages, violating the Labor Law and supporting New York State Department of Labor Regulations. 12 N.Y.C.R.R. § 137-2.2, *et seq.*

77. Defendants failed to pay the Class Members the statutory minimum wage for each hour worked, making them liable for those hours at the statutory minimum wage.

78. Defendants are accordingly liable to Plaintiff and the Class Action Members for the unpaid hourly minimum wage for all the hours worked.

79. Defendants have willfully violated the Labor Law by knowingly and intentionally failing to pay the Class Members the minimum wage.

80. Due to Defendants' Labor Law violations, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

## THIRD CAUSE OF ACTION
### FAILURE TO PAY THE OVERTIME PREMIUM PAY
### UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Action Members)

81. Plaintiff, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

82. Under the Labor Law and supporting New York Statement Department of Labor Regulations, Defendants were required to pay Plaintiff and the Class Members one and 1.5 times their regular rate of pay for all hours they worked in excess of 40 per workweek.

83. Defendants failed to pay the Class Members the overtime wages to which they were entitled, violating N.Y. Lab Law § 650 and Part 146, § 146-1.4of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

84. In failing to compensate Plaintiff and the Class Members for all compensable hours worked, Defendants violated the Labor Law and the regulations thereunder, 12 N.Y.C.R.R. §§ 146-1.2, 1.4.

85. Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay the Class Members the correct amount of overtime wages.

86. Due to Defendants' Labor Law violations, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

FOURTH CAUSE OF ACTION
UNLAWFUL DEDUCTIONS AND FAILURE TO REIMBURSE WORK RELATED
EXPENSES UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Action Members)

87. Plaintiff, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

88. Defendants failed to pay Plaintiff and the Class Members the full amount of their wages as a result of deductions for work-related expenses and failing to reimburse them for work-related expenses, violating NYLL Article 6 § 193 and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 137-2.5.

89. Defendants have willfully failed to reimburse Plaintiff and the Class Members for work-related expenses they incurred during their course of employment for Defendants, reducing their wages further below the minimum wage.

90. Defendants have willfully deducted from the wages of Plaintiff and the Class Members work-related expenses.

91. Due to Defendants' Labor Law violations, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid work-related expenses and reimbursement for unlawful deductions, statutory liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

FIFTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.1 NOTICE UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Action Members)

92. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

93. Defendants have willfully failed to supply Plaintiff and the Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under Labor Law § 195.1(a) within ten business days of their first employment date.

94. Due to Defendants' violations of Labor Law § 195.1, Plaintiff and the Class Members are entitled to recover from Defendants $50.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. New York. Lab. Law § 198(1)-b (2016).

### SIXTH CAUSE OF ACTION
### FAILURE TO PROVIDE 195.3 WAGE STATEMENT
### UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Action Members)

95. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

96. Defendants have willfully failed to supply Plaintiff and the Class Members with the required statement with every payment of wages, violating Labor Law § 195.3.

97. Due to Defendants' violations of Labor Law § 195.3, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants $100.00 for each work week that the violations occurred or continue to occur, or a total of $5,000.00, as provided for by Labor Law § 198(1)-d, reasonable attorneys' fees, costs, injunctive and declaratory relief.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class and Collective Action Members, respectfully requests this Court grant the following relief:

    a.  Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Rule 23 Class Members and appointing Plaintiff and his counsel to represent the Class Members;

    b.  Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members and tolling of the statute of limitations;

    c.  A declaratory judgment that the practices complained of herein violate the FLSA and the Labor Law;

    d.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

    e.  An award for unpaid minimum wages under the Labor Law;

    f.  An award for unpaid overtime premium pay under the Labor Law and the FLSA;

    g.  An award for the reimbursement of work-related expenses and unlawful deductions under the Labor Law;

    h.  An award for failing to provide the N.Y. LAB. LAW § 195.1 Notice;

        i.        An award for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

        j.        An award of liquidated damages as a result of Defendants' Labor Law violations;

        k.        An award of liquidated damages as a result of Defendants' willful FLSA violations;

        a.        Equitably tolling the statute of limitations under the FLSA;

        b.        An award of pre-judgment and post-judgment interest;

        c.        An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

        d.        Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
       December 15, 2021

                              LIPSKY LOWE LLP

                              s/ Douglas B. Lipsky
                              Douglas B. Lipsky
                              Alfons D'Auria
                              420 Lexington Avenue, Suite 1830
                              New York, New York 10170
                              Tel: 212.392.4772
                              Fax: 212.444.1030
                              doug@lipskylowe.com
                              alfons@lipskylowe.com